### Danny P. Tarascio *v.* Benjamin Muzio, Commissioner of the Department of Motor Vehicles

Superior Court    Judicial District of    File No. 0302206
Hartford-New Britain at Hartford

Memorandum filed September 12, 1986

*Stephen C. Barron,* for the plaintiff.

*Patricia M. Strong,* assistant attorney general, for the defendant.

VASINGTON, J. This is an appeal, pursuant to the provisions of General Statutes § 4-183, from a decision of the commissioner of motor vehicles suspending the motor vehicle operator's license of the plaintiff Danny P. Tarascio for a period of six months. The commissioner's action was based upon findings and conclusions of a motor vehicle department adjudicator after a hearing held in October, 1984, pursuant to § 14-4a of the General Statutes.

The suspension resulted from the alleged refusal of Tarascio to consent to any chemical test, required by General Statutes § 14-227b, at the time of his arrest for operating a motor vehicle while under the influence of liquor or drugs.

Tarascio claims that the actions of the commissioner were arbitrary, unreasonable and contrary to law in that (1) the record does not support a finding that he refused to submit to any chemical tests, (2) that he was not warned adequately of the consequences of a refusal to take any chemical tests, and (3) that the findings of

the adjudicator were in contradiction to other findings of impartial adjudicators based on identical facts.

The facts pertinent to a determination of this appeal are as follows. In February, 1984, Tarascio, after failing a field sobriety test, was arrested for driving under the influence of intoxicating liquor, a violation of General Statutes § 14-227a. At the Manchester police department, pursuant to General Statutes § 14-227b, Tarascio was requested to undergo a chemical breath test. He agreed but began to bleed and swallow blood from his right nostril before the test could be conducted. For that reason the test was not administered. The bleeding became worse and Tarascio was taken to Manchester Memorial Hospital for treatment. At the hospital, Officer Turner advised Tarascio that a blood test would be administered instead of the breath test. While he was at the hospital, Tarascio's left nostril began to bleed. After treatment for the bleeding, Tarascio was returned to the Manchester police station, where, it is claimed, he refused to submit to any chemical tests.

Turner then told Tarascio to sign a form acknowledging his refusal to take the tests. Although this form is not part of the record, Tarascio contended that he signed it out of fear that he would not be released unless he signed it. He maintains, however, that he did not refuse to submit to any chemical tests. Pursuant to General Statutes § 14-227b (c), Tarascio's license was revoked for twenty-four hours.

Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act; General Statutes §§ 4-166 through 4-189. *Buckley* v. *Muzio,* 200 Conn. 1, 3, 509 A.2d 489 (1986). Tarascio is an aggrieved person within the meaning of General Statutes § 4-183 (a) in that a specific, personal and legal interest, his license to drive, has been adversely affected. *Bakelaar* v. *West Haven,* 193 Conn. 59, 65,

475 A.2d 283 (1984). Therefore, Tarascio's appeal is properly before this court.

General Statutes § 14-227b provides that a refusal to submit to a blood, breath or urine test warrants suspension of the arrested person's driver's license, and grants an automatic hearing before the commissioner of motor vehicles. The statutorily prescribed hearing is limited to resolution of the following issues: "(1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis; and (4) was such person operating the motor vehicle. . . ." General Statutes § 14-227b (d); *Buckley* v. *Muzio,* supra, 6. All four questions were answered in the affirmative by the hearing officer.

As previously stated, Tarascio's appeal addresses question three, namely, whether he refused to submit to a blood, breath or urine test. He claims that the testimony elicited at the agency hearing fails to support a factual finding of refusal to submit to chemical tests.

The scope of judicial review is very restricted. General Statutes § 4-183g; *Buckley* v. *Muzio,* supra. "The court shall not substitute its judgment for that of the agency . . . ." Id. The hearing officer's function is to evaluate the credibility of witnesses and the weight to be given the evidence. *Lawrence* v. *Kozlowski,* 171 Conn. 705, 708, 372 A.2d 110 (1976). The court must not disturb the factual findings of the agency if they are supported by the record, even though the court would have come to a different conclusion. *Hospital of St. Raphael* v. *Commission on Hospitals & Health Care,* 182 Conn. 314, 318, 438 A.2d 103 (1980).

At the hearing, Turner and Tarascio testified, and were both subjected to cross-examination. Tarascio's testimony conflicts with Turner relative to whether Tarascio's nosebleeds were self-induced or spontaneous; whether Tarascio was asked to submit to a blood test and, if so, in whose presence the request was made; whether Turner advised Tarascio that his license would be suspended for six months for refusing to take the test. There is nothing in the record to suggest that the hearing officer's conclusions were unreasonable. Therefore, the appeal cannot be sustained on the ground addressed to the hearing officer's factual findings.

Tarascio contends that even if he refused to submit to the tests, his refusal was invalidated by Turner's failure to apprise him of all the consequences of refusal, as required by General Statutes § 14-227b (b). Under General Statutes § 14-227b (a), anyone who operates a motor vehicle in Connecticut is deemed to have given his consent to a blood, breath or urine test. General Statutes § 14-227b (b) establishes the consequences of a refusal and the arresting officer's duty to inform the arrested motorist. The statute provides, inter alia: "(b) If any such person, having been placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both . . . and thereafter, *after being apprised of his constitutional rights, having been requested to submit to a blood, breath or urine test at the option of the police officer and having been informed that his license or nonresident operating privilege will be suspended in accordance with the provisions of subsection (d), (e) or (f) of this section if he refuses to submit to such test and that evidence of such refusal shall be admissible in accordance with subsection (f) of section 14-227a and may be used against him in any criminal prosecution,* refuses to submit to the designated test, the test shall not be given . . . ." (Emphasis added.)

Although Turner had advised Tarascio he would lose his license for six months if he refused to take any chemical test, he admits that he did not inform Tarascio that his refusal could be used against him in a criminal prosecution. Tarascio argues that this failure to warn prohibits a suspension of his license for refusal to take the test. The commissioner, however, claims that because the proceedings below were administrative, not criminal, the failure to given the warning is immaterial.

Where the language of a statute is unambiguous, it is to be applied according to its terms. *Duguay* v. *Hopkins,* 191 Conn. 222, 228, 464 A.2d 45 (1983). The language of § 14-227b (b) is unambiguous in that it requires that refusal to submit to chemical testing be attended by notice of constitutional rights, warning that refusal will result in license suspension and that evidence or refusal shall be admissible in a criminal prosecution.

Recently, our Supreme Court stated that the arresting officer is required by § 14-227b (b) to inform one arrested for operating under the influence of intoxicating liquor, of the consequences of a refusal to submit to chemical testing, *Buckley* v. *Muzio,* supra, 8, which includes the warning that such refusal is admissible as evidence in a criminal prosecution. General Statutes § 14-227b (b). Therefore, although Turner was required by such statute to apprise Tarascio of all the consequences of a refusal, he failed to do so.

Although General Statutes § 14-227b does not provide a judicial or administrative remedy for the failure of an arresting officer to inform the motorist of the consequences of a refusal to submit to chemical testing; *Buckley* v. *Muzio,* supra; one faced with the loss of the privilege of operating a motor vehicle for a six month period with all its attending disadvantages should have full and complete knowledge of the results of his decisions. It is not sufficient to excuse the fail-

ure to advise the admissibility into evidence in a criminal proceeding of the refusal to take any chemical tests on the grounds that this was an administrative proceeding only. Had Tarascio realized that his refusal to take any chemical tests could be used against him in a criminal proceeding, at a time when he was unaware of how his criminal matter would be disposed of in court, he may have decided to submit to a chemical test. Therefore, this court holds that the failure to warn Tarascio completely as is required by General Statutes § 14-227b (b), renders the commissioner's decision to suspend Tarascio's license for six months contrary to law. Accordingly, the appeal is sustained on this ground only.

This court finds that the absence from the record of the report mandated by General Statutes § 14-227b (c) which requires that the written report of refusal to take the test prepared by the police officer be endorsed by a third person who witnessed such refusal is immaterial. The record contains testimony that such a report was prepared and signed by a third person. Therefore, the statute was complied with. It is not essential that the report itself be made part of the record.

Relative to Tarascio's claim that this decision is inconsistent with other identical situations, no evidence has been produced to support his position. Therefore, it becomes unnecessary to determine the merits of this claim.

For the reasons stated above, the appeal is sustained.