[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Commissioner of Motor Vehicles [hereafter called "the Commissioner"] suspending the plaintiff's motor vehicle operator's license for a period of six months for operating while under the influence of alcohol because the plaintiff's blood alcohol level was ten-hundredths of one percent or more by weight (.10%) when he was arrested on January 15, 1991. The suspension was based on Connecticut's Implied Consent Law, 14-227b of the General Statutes.
The plaintiff requested a hearing on suspension of his license and a hearing was held on February 21, 1991. At the hearing the report of the police on standard form A-44 was made an exhibit. The A-44 form is admissible at a license suspension hearing even though its contents are hearsay. Volck v. Muzio, 204 Conn. 507,518. The report reflects that the arresting officer, Scott Todd of the Derby Police Department, saw the plaintiff operating his car at a high rate of speed and passing cars on the right and left. The report also indicates that the plaintiff failed the field sobriety test, smelled of alcoholic beverages and had slurred speech, glassy eyes and difficulty in standing when stopped by the officer.
The license suspension hearing is limited to four issues: (1) did the police officer have probable cause to arrest the person for operating while under the influence of intoxicating liquor; (2) was the person placed under arrest; (3) did the person submit to a chemical test or analysis with the results indicating that at the time of the offense the ratio of alcohol in the blood by weight was .10% or more; and (4) was the person operating the motor vehicle. Section 14-227b(f) C.G.S.; see also Weber v. Muzio, 204 Conn. 521,523.
The evidence in the police report amounted to substantial CT Page 7121 evidence of probable cause for the arrest. At the hearing the plaintiff admitted that he had been driving a car, that he was arrested and that he consumed approximately four beers prior to the arrest. He took the breath test and the two tests resulted in readings of .124 and .121.
Since the plaintiff's license has been suspended he has standing to bring this appeal. Tarascio v. Muzio, 40 Conn. Sup. 505,507. In an appeal under 4-183 of the General Statutes, the court does not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. Section 4-183(j) C.G.S.; Madow v. Muzio, 176 Conn. 374, 376; Buckley v. Muzio, 200 Conn. 1, 3. The court only determines if there is substantial evidence in the administrative record to support the agency's findings of fact and whether the conclusions drawn from those facts are reasonable. Connecticut Light Power Co. v. DPUC, 216 Conn. 627, 639. The substantial evidence rule requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. Lawrence v. Kozlowski,171 Conn. 705, 713. Where the administrative determination on the four issues in 14-227b(f) is reasonably supported by evidence in the record, the decision must be sustained. Clark v. Muzio,40 Conn. Sup. 512, 514, affirmed 14 Conn. App. 212, cert. denied208 Conn. 809. The plaintiff has the burden of proving that the Commissioner, relying on the evidence presented, acted contrary to law and in abuse of his discretion. Demma v. Commissioner of Motor Vehicles, 165 Conn. 15, 16-17.
The evidence in the record consisting of the A-44 report and admissions of the plaintiff at the hearing clearly support the findings of the hearing officer on the four statutory factors. To overcome this problem the plaintiff claims that the test results were not properly admitted in evidence because the tests were administered by two police officers and only one of them signed the report, and that the report was not properly prepared in conformity with the statute. While that argument is rejected for reasons stated below, even if the plaintiff were correct and the test results in the report were excluded, there was still substantial evidence of the test results to meet the requirement in14-227b(f)(3) C.G.S. The plaintiff admitted that the test results were .124 and .121.
The A-44 report was signed by Officer Scott Todd as the arresting officer and by Sergeant Donald J. Margiano as the officer who administered the tests. The relevant portion of 14-227b(c), referring to the report on the A-44 form, states that the report must be sworn to "by the police officer . . . who administered or caused to be administered such test or analysis." (Emphasis added). The report was signed by Todd and the oath was given to CT Page 7122 him by Margiano. While Todd did not administer the test himself, he was the arresting officer, he requested the plaintiff to take the tests, and saw to it that the tests were administered. Based on the evidence in the record, a hearing officer could reasonably conclude that Todd was the police officer who caused the test to be administered. Public officers are presumed to have properly performed their duties until the contrary appears. Lieb v. Board of Examiners for Nursing, 177 Conn. 78, 84. The plaintiff could have insisted that Officer Todd be present at the hearing in response to a subpoena that had been issued, but plaintiff's counsel indicated that Todd's presence was not essential, and that he had intended to argue that Todd administered the second test. (Exhibit 4 page 5). The form of the oath in the A-44 form complies with the statute. There is no provision preventing the officer who gave the test from taking the oath from an arresting officer who supervised or caused the test to be administered.
The plaintiff also claims that the second test was administered by a different person, Officer Sal Frosceno. It is unnecessary to decide whether two police officers must sign the report when each of them administered one of the tests. The statute requires the report to be sworn to by the officer who administered the test or caused the test to be given. Since Officer Todd signed as arresting officer and the person who caused the test to be administered, it was immaterial whether both of the other officers who gave the test also signed and swore to the contents of the report. Section 14-227b-19 of the Regulations of Connecticut State Agencies provides that "the written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of 14-227b(c) of the General Statutes." Since the written police report filed by Officer Todd as arresting officer complies with that statute, it was properly admitted at the hearing and provides corroborating evidence, in addition to the plaintiff's own admission, that his blood alcohol level was .10 or more when he was operating his car.
The Commissioner's findings were supported by substantial evidence and met the test in 14-227b(f) of the General Statutes. The appeal is dismissed.
Robert A. Fuller, Judge