[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant, Commissioner of the Department of Motor Vehicles (Commissioner of DMV) rendered on February 1, 1991 to suspend plaintiff's license to operate a motor vehicle for a period of ninety days. Plaintiff's "Application for Stay and/or Suspension of Decision" of DMV was denied on April 15, 1991.
From the record, the court determines that on December 7, 1990, the plaintiff, Daniel Collins, was arrested for operating a motor vehicle under the influence of liquor in violation of General Statutes 14-227a.
At police headquarters, plaintiff refused to decide right away whether to submit to a chemical analysis of his breath. He was afforded the opportunity to contact an attorney. During a period of approximately thirty minutes, plaintiff tried, but was unable to reach an attorney. Plaintiff then decided to submit to a chemical analysis of his breath.
The first test which was administered at 2:11 a.m. showed a blood alcohol content (BAC) of .131. The second test administered at 2:49 a.m. showed a BAC of .115. Plaintiff's Connecticut driver's licensee was then seized and he was issued a thirty-five day temporary driver's license.
By notice dated December 13, 1990, the Commissioner notified plaintiff that pursuant to Public Act No. 89-314, his license to operate a motor vehicle would be suspended for ninety days commencing January 11, 1991. This notice also informed plaintiff that he was entitled to a hearing prior to the suspension date.
Plaintiff requested a hearing and one was held on January 30, 1991 before hearing officer, Attorney James Quinn. Plaintiff was represented by counsel at the hearing. By decision rendered February 1, 1991, Attorney Quinn ordered the suspension of plaintiff's license for ninety days. The decision of Attorney Quinn set forth the following findings of fact and conclusions of law: CT Page 8833
 (1) the police officer had probable cause to arrest the above named operator for a violation specified in Section 1 of Public Act 8-314;
(2) the operator was placed under arrest;
 (3) the operator submitted to the test on analysis and the results indicated at the time of the offense a BAC of .10 or more;
 (4) said person was operating the motor vehicle.
Attorney Quinn also made the following subordinate finding:
 sufficient basis for stop due to erratic operation, lack of headlight. Officer's testimony as to respondent's actions and manner sufficient for probable cause.
The record does not indicate the date on which the DMV's decision was mailed to plaintiff. Plaintiff served the instant appeal on the Commissioner of the DMV on March 22, 1991. The complaint alleges that, in suspending plaintiff's operating license, the DMV acted illegally, arbitrarily, unconstitutionally, and in abuse of its discretion because the DMV's findings, inferences and conclusions are:
 (1) in violation of plaintiff's constitutional rights of due process as provided by both the United States Constitution and the Constitution of the State of Connecticut;
(2) made from unlawful procedure;
(3) affected by other error of law;
 (4) based upon improper and erroneous findings of fact;
 (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;
 (6) based upon information contained in an improper A-44 Department of Motor Vehicle form.
Plaintiff filed a memorandum of law briefing only the sixth CT Page 8834 ground for appeal. Accordingly, the other grounds will be considered abandoned. State v. Ramsundar, 204 Conn. 4, 16
(1987); DeMilo v. West Haven, 189 Conn. 671-681-82 n. 8 (1983). The Commissioner has filed a memorandum of law opposing plaintiff's appeal.
JURISDICTIONAL CONSIDERATIONS
Appeals from administrative agencies exist only under statutory authority. Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163 (1989). A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Id., 163-64. Judicial review of the Commissioner's action under General Statutes14-227b is governed by the Uniform Administrative Procedure Act (UAPA). Buckley v. Muzio, 200 Conn. 1, 3 (1986). The appeal provisions of the UAPA are jurisdictional in nature. Tarnopol, 212 Conn. at 163.
A. The UAPA allows an "aggrieved" person to appeal from a final decision of an agency. General Statutes 4-183 (a). The party claiming to be aggrieved must first "demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole" and second, must "establish that this specific personal and legal interest has been specially and injuriously affected by the decision." State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299-300 (1987).
One whose license is suspended pursuant to section 4-227b is aggrieved within the meaning of section 4-183 (a) in that a specific, personal and legal interest, his license to drive, has been adversely affected. Tarascio v. Muzio,40 Conn. Sup. 505, 507 (1986). The court finds that the plaintiff is aggrieved.
B. Timeliness
Within forty-five days after mailing of the final decision a person appealing shall serve a copy of the appeal on the agency that rendered the final decision at its office and file the appeal with the clerk of the superior court for the judicial district wherein the person appealing resides. General Statutes 4-183 (c).
The record offers no insight into the specific date when the Commissioner's final decision was mailed to plaintiff. It could not have been mailed prior to February 1, 1990, the date the decision was rendered. Since this appeal was served CT Page 8835 on the Commissioner on March 22, 1991 and filed with the court on March 28, 1991, had the DMV mailed its final decision to plaintiff any time between February 1, 1991 ana February 11, 1991, the appeal would be untimely, depriving the court of subject matter jurisdiction. See Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 35 (1978). Because the court cannot so conclude based on the record, the court determines that the appeal is timely.
SCOPE OF REVIEW
In an appeal under General Statutes 4-183, the court does not retry the case or substitute its judgment for that of the agency on the weight of the evidence on questions of fact. General Statutes 4-183 (j); Lieberman v. Board of Labor Relations, 216 Conn. 253, 262 (1990). If there is evidence which reasonably supports the Commissioner's decision, it must be upheld. Persico v. Maher, 191 Conn. 408-09 (1983). Where the administrative determination on the four issues in section 14-227b(A) is reasonably supported by evidence in the report, the decision must be sustained. Clark v. Muzio, 40 Conn. Sup. 512, aff'd, 14 Conn. App. 212, cert. denied, 208 Conn. App. 212, cert. denied, 208 Conn. 809 (1988). The plaintiff has the burden of proving that the Commissioner, on the facts before him, acted contrary to law and in abuse of his discretion. Demma v. Commissioner of Motor Vehicles, 165 Conn. 16,16-17 (1973).
DISCUSSION
The purpose of the administrative hearing is to determine whether the operator's license should be suspended in accordance with Public Act 89-314. General Statutes14-227b(f); Buckley v. Muzio, 200 Conn. 1, 7 (1986). The hearing is limited to a determination of four issues: (1) whether the police officer had probable cause to arrest the person for operating while under the influence of intoxicating liquor; (2) whether the person was placed under arrest; (3) whether the person refused to submit to the test or analysis; and (4) whether the person was operating the motor vehicle. General Statutes 14-227b(f); Volck v. Muzio,204 Conn. 507, 511 (1987).
In the instant case, it is undisputed that the plaintiff was operating a motor vehicle and that he was placed under arrest. Further, the plaintiff does not claim that the police lacked probable cause to arrest him for operating under the influence; nor does plaintiff dispute that he submitted to a breath alcohol test indicating a blood alcohol ratio of .1 or more. In his brief, plaintiff argues that the commissioner CT Page 8836 lacked jurisdiction to order a suspension of his license because the hearing officer admitted the A-44 Form into evidence despite the fact that the officer who swore under oath that the plaintiff failed the BAC test is not the officer who administered the test; and the A-44 Form contains endorsements of only two officers when three are required by General Statutes 14-227 (c). Plaintiff points out in his brief that the A-44 was admitted into evidence at the hearing over plaintiff's objection to its admission.
The Commissioner of Motor Vehicles argues in his brief that plaintiff's claims of error concerning the A-44 form are meritless and that the record contains sufficient support for the Commission's decision to suspend plaintiff's license. The Commissioner argues that, under section 14-227b(c), either the officer who administered the test or caused the test to be administered may sign the oath. Here, the Commissioner argues, Officer Stochman properly signed the oath as he was the officer who caused the chemical alcohol test to be administered to plaintiff. Further, the Commissioner argues that the form is not deficient for lack of endorsement by a third person because the third person requirement applies only where the person arrested refuses to submit to the test and the instant plaintiff agreed to be tested.
In the alternative, the Commissioner argues (1) that any objection to the absence of three signatures is waived because plaintiff did not raise it at the hearing; and (2) that the endorsement of a third person required by section 14-227b(c) means one person besides plaintiff and the other attesting officer not a third police officer.
At the hearing, plaintiff's attorney objected to the A-44 form being entered into the record on the grounds that it was hearsay and violated the best evidence rule. The hearing officer admitted the document over counsel's objections and noted counsel's exceptions. Plaintiff's counsel then proceeded to question Police Officer Theodore Stochman, the officer who prepared the A-44 form. Plaintiff's counsel questioned Officer Stochman about the circumstances leading to plaintiff's arrest and his direct examination focused solely on the issue of probable cause. At the hearing Officer Stochman was never questioned about infirmities in the A-44 form that are alleged in this appeal.
General Statutes 14-227b(c) provides in pertinent part:
 The police officer shall prepare a written report of the incident and shall mail the report together with a copy of CT Page 8837 the completed temporary license form, any operator's license taken into possession and a copy of the results of any chemical test or analysis to the department of motor vehicles within three business days. The report shall be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in section 53a-157 by the police officer before whom such refusal was made or who administered or caused to be administered such test or analysis. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal.
The evident purpose of this section is to provide sufficient indicia or reliability so that the report can be introduced into evidence as an exception to the hearsay rule, especially in license suspension proceedings without the necessity of producing the arresting officer. Volck v. Muzio, 204 Conn. 507,518 (1987). See also Regulations, Conn. State Agencies, Section 14-227b-19; Johnson v. DelPonte,4 Conn. L. Rptr. No. 4, 112, 114-15 (June 10, 1991, Fuller, J.); Marshall v. DelPonte, 4 Conn. L. Rptr. No. 2, 36, 39-40 (May 27, 1991, Clark, J.); Lee v. DelPonte, 5 CSCR 855, 857 (November 5, 1990, Zoarski, J.).
In the Volck case, a test refusal case, the court held that the DMV adjudicator properly relied on the A-44 form even though it was flawed for failing to meet some of the requirements of section 14-227b(c). The court in Volck stated that the infirmities in the form could have rendered it inadmissible if plaintiff had objected to it; however the DMV adjudicator properly relied on it because no objection to its use was raised at the license suspension hearing. Volck,204 Conn. at 518.
In the instant case, the A-44 form was properly admitted into evidence at the hearing despite the fact that the officer who administered the test and the officer who administered the oath apparently signed on the wrong lines of the form. Plaintiff's counsel had ample opportunity to raise this objection at the hearing but did not do so.
Plaintiff's counsel's general "hearsay" exception at the hearing is too vague to qualify as an objection grounded on section 14-227b(c) infirmities. Moreover, although plaintiff's counsel had ample opportunity to examine officer Stochman as to CT Page 8838 this infirmity, counsel did not do so. Accordingly, plaintiff has waived the objections now raised as to the admission of the A-44 form. Since this is not a test refusal case, plaintiff's argument concerning the absence from the form of the endorsement of a third person is irrelevant.
CONCLUSION
The findings of Hearing Officer Quinn on the four issues set forth in General Statutes 14-227b(f) relating to whether an operator's license is to be suspended for having elevated blood alcohol content are not flawed by his reliance upon the A-44 form. Accordingly, the appeal is dismissed.
BARRY SCHALLER, J.