[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the CT Page 3936 Commissioner of Motor Vehicles ("Commissioner") suspending the plaintiff's motor vehicle license for a period of ninety days in accordance with General Statutes Section 14-227b.
The record discloses the following facts. On January 7, 1991, at 11:10 p. m., the plaintiff was arrested for the offense of operating a motor vehicle while under the influence of intoxicating liquor or drugs, or both. Following his arrest, the plaintiff agreed to take a breathalyzer test. The first test was administered at 11:48 p. m. and the results showed a blood alcohol content ("BAC") of 0.221; the second test was administered at 12:36 a.m. and showed a BAC of 0.209.
On January 30, 1991, a hearing was held before a hearing officer to determine whether or not the plaintiff's motor vehicle operator's license would be suspended. At the hearing, the hearing officer entered into evidence the officer's DWI arrest and alcohol test refusal or failure report, intoximeter slips and a copy of the temporary license issued to the plaintiff. The hearing officer also entered into evidence a copy of a toxicologist report on behalf of the plaintiff which stated that the field sobriety tests were not sufficient to conclude with a reasonable degree of scientific certainty that the plaintiff's BAC was equal to or greater than 0.100 at the time of operation.
After the hearing, the plaintiff was advised that his operator's license was suspended for a period of ninety days. The hearing officer made the required findings of fact and conclusions of law pursuant to General Statutes Section14-227b(f).
The plaintiff has appealed this decision, claiming that the Commissioner acted contrary to law, arbitrarily, capriciously and in abuse of his discretion in suspending the plaintiff's operator's license.
The Uniform Administrative Procedure Act allows an "aggrieved" person to appeal from a final decision of an agency. General Statutes Section 4-183 (a). One whose license has been suspended pursuant to Section 14-227b is aggrieved. Tarascio v. Muzio, 40 Conn. Sup. 505, 507 (1986). Accordingly, the court finds that the plaintiff is aggrieved.
Section 14-227b(f) provides, in relevant part, as CT Page 3937 follows:
 The hearing shall be limited to a determination of the following issues: . . . (3) did such a person . . . submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one percent or more of alcohol, by weight; . . . (Emphasis added.)
The plaintiff argues that the record in this case is void of anything that shows that at the time of the alleged offense, that is, when the plaintiff was operating his motor vehicle, his BAC was 0.10 or higher. Citing State v. Geisler,22 Conn. App. 142, cert. denied, 215 Conn. 819 (1990), vacated on other grounds, ___ U.S. ___, 111 S.Ct. 663, 112 L.Ed.2d 657
(1991), the plaintiff claims that under Section 14-227b, expert testimony is required to interpret and relate back to time of operation the results of the intoximeter tests. This argument was rejected by the Appellate Court in Marshall v. Delponte, 27 Conn. App. 346 (1992), on the ground that Geisler involved a criminal prosecution for driving under the influence of liquor in violation of Section 14-227a, rather than an administrative license revocation proceeding under Section 14-227b. The Marshall court stated that "[b]ecause the burden of proof is far higher in a criminal prosecution than in an administrative proceeding, we are not prepared to extend the rule of Geisler to a driver's license revocation proceeding." Marshall v. Delponte, supra, 351.
The Appellate Court continued in Marshall, however, by stating at page 352:
 (T)he record does not indicate that [the hearing officer] either relied on his own expertise in determining the plaintiff's BAC at the time of the alleged offense or attempted to take judicial notice of the plaintiff's BAC at the time of the alleged offense. See General Statutes Section 4-178(6). Even if he had, General Statutes Section 4-178(7) prohibited him from relying on either his own expertise or on judicial notice unless he first notified the parties in a timely manner in order to afford them an opportunity to contest that material.
CT Page 3938
Since the record disclosed no evidence on which the hearing officer could have concluded that the plaintiff's BAC was equal to or greater than 0.1 percent at the time of the offense, and since the hearing officer failed to apprise the parties of his intent to rely on either his own expertise or judicial notice to establish the plaintiff's BAC at the time of the offense, the Marshall court concluded that the evidence presented at the hearing was insufficient to justify suspending the plaintiff's license under Section 14-227b. Id., 353.
The present case is analogous to Marshall in that the record contains no evidence, expert or otherwise, as to the plaintiff's BAC at the time of the offense. "Although the record contains the results of two intoximeter tests administered after the alleged offense, it contains no extrapolation of those results back to the time of the offense." Id., 352. Furthermore, the hearing officer did not advise the parties of his intent to rely on either his special expertise or judicial notice.
For the reasons stated above, the Commissioner's decision suspending the plaintiff's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record and the decision was arbitrary, capricious and constituted an abuse of the Commissioner's discretion. See General Statutes Section 4-183 (j)(5) and (6).
Therefore, the plaintiff's appeal is sustained.
HENDEL, JUDGE