[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Richard J. Griffiths, appeals his license suspension pursuant to Connecticut General Statutes14-227b.
Plaintiff was stopped on July 6, 1992 in New London, Connecticut after the vehicle he was operating allegedly backed into another vehicle and plaintiff left the scene. After field performance tests indicated the possibility of operation while under the influence of intoxicating liquor and/or drugs, plaintiff was taken to the local police department and advised of the chemical alcohol testing requirements of the implied consent law, Connecticut General Statutes 14-227b. After agreeing to take the tests, plaintiff was administered two breath tests. As a result of a finding that the tests indicated the ratio of alcohol in plaintiff's blood to be more than ten-hundredths of one percent of alcohol by weight, plaintiff was notified by defendant, Commissioner of Motor Vehicles, that his Connecticut operator's license was to be suspended for ninety days and that plaintiff had the right to an administrative hearing to contest the suspension. Plaintiff requested and was given an administrative hearing.
At this hearing, plaintiff appeared with counsel. No witnesses were presented by either side. Over objection, the Hearing Officer, James Quinn, Esq., introduced as full exhibits, Motor Vehicle Form A-44 report prepared by the CT Page 6014 arresting officers, the two test result tapes indicating the Intoximeter readings and a copy of the temporary license given to plaintiff. Defendant subsequently notified plaintiff of a license suspension for ninety days. This appeal then followed.
Plaintiff is aggrieved "in that a specific, personal and legal interest, his license to drive has been adversely affected. (Citation omitted)." Tarascio v. Muzio,40 Conn. Sup. 505, 507 (1986).
Plaintiff's primary claim is that there was insufficient evidence to conclude that at the time of the offense the plaintiff had a blood alcohol content of ten-hundredths of one percent or more of alcohol by weight as required.[1]
With respect to this claim, the record includes a "Notice of Hearing" dated July 16, 1992, informing the plaintiff that a hearing would be held on July 29, 1992 with respect to the proposed suspension of his operator's license. This Notice contained the following language:
 "At the hearing the report submitted to the Department under subsection (c) of 14-227b (Form A-44) shall be offered in evidence. Moreover, the hearing officer will rely on his own expertise in determining whether the test results indicate a blood alcohol content (BAC) of 0.1 or greater at the time of the offense." Record No. 2.
Nothing further is provided in the Notice to apprise plaintiff of the agency's and/or hearing officer's expertise to be used. Nor at the hearing did the hearing officer indicate any expertise to determine plaintiff's BAC at the time of the offense.
At the hearing, Hearing Officer Quinn reviewed the A-44, the two breath test results and a copy of the temporary license provided to plaintiff. Based upon these items, the officer noted, in part: "The first of these tests was administered at 10:49 p.m. on July 6, 1992. That would be 35 minutes after operation was observed. That produced a BAC of CT Page 6015 .216. The second test was administered at 11:27 p.m., same date. That produced a reading of .174." Transcript p. 7.[2]
Plaintiff's counsel also indicated: ". . . but versus Marshall v. DelPonte there has been no extrapolation back to indicate that even if Mr. Griffiths were over .10 at the time that these tests were administered, that Mr. Griffiths was in fact over .10 at the time of the operation." (sic) Transcript p. 10.
In response, in part, Hearing Officer Quinn responded: "In terms of extrapolation, the factors which would be material would be the time of operation, the time of the tests, the blood alcohol content indicated by the tests. Certainly with other factors it would be helpful but are presumably not going to be offered here because I take it Mr. Griffiths is not going to be testifying as he has no need to testify, would have been when he had stopped drinking, presuming he had been drinking at all, which would look to me as though he had been." Transcript p. 11.
In his Decision, dated July 30, 1992, the Commissioner of Motor Vehicles, by Attorney James Quinn, Hearing Officer, made a finding of fact and conclusion of law that: "3. The operator submitted to the test or analysis and the results indicated at the time of the offense a BAC of .10 or more." Record, No. 5. A subordinate finding of fact by the hearing officer found: "High BAC readings, rate of absorption of healthy human, metabolic processes involved in elimination of alcohol, period of time between tests and operation indicated BAC of .1 or higher at time of operation." Record, No. 5a.
The ground of appeal raised by plaintiff involves a scenario where, pre-hearing, Mr. Griffiths was advised only that the hearing officer would rely on his own expertise in determining blood alcohol content at the time of the offense, no expert testimony on the issue of "extrapolation" was presented at the hearing nor was any evidence presented concerning "expertise" of the hearing officer.
The legal issues arising from this scenario were, in this court's opinion, thoroughly discussed and resolved by Maloney, J. in Gregory M. Field v. Louis S. Goldberg, State of Connecticut Commissioner of Motor Vehicles, 8 Conn. L. CT Page 6016 Rptr. No. 3, 81 (January 18, 1993).[3] It would serve no purpose to recite anew the cases and statutes referred to therein. Rather, this court adopts and incorporates by reference the reasoning of the Field decision, commencing at page 82.
As found in Field and as now found here, there was insufficient evidence in the record to permit the hearing officer to find at the time of the alleged offense plaintiff, Richard J. Griffith's BAC was .10 percent or more of alcohol by weight as required by Connecticut General Statutes14-227b(f). The Commissioner's decision was clearly erroneous and arbitrary, capricious and an abuse of discretion.
Accordingly, plaintiff's appeal is sustained.
Schimelman, J.