[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Carl Blomstrom, appeals pursuant to General Statutes § 14-227b(d) and § 4-183(a) from a decision of the defendant, the Commissioner of the Department of Motor Vehicles (Commissioner), suspending his license to operate a motor vehicle pursuant to General Statutes § 14-227b.
On March 2, 1994, the plaintiff was involved in a motor vehicle accident. As a result of the accident, the plaintiff suffered injuries including lacerations to the head. Subsequently a police officer arrived on the scene and the plaintiff refused to answer the police officer's questions and refused to perform field sobriety tests. The police officer also observed that the plaintiff had a faint smell of alcohol, slurred speech, bloodshot eyes, had swayed and leaned on objects for support, and was wearing pants that were soiled with human feces. The plaintiff also fought with the officer and thereafter the police officer placed the plaintiff under arrest and took him to police headquarters.
The police officer attempted to conduct a chemical test at headquarters; and the police officer recorded that he asked the plaintiff to take the test, apprised the plaintiff of the chemical alcohol testing requirements of the implied consent law, and classified the plaintiff's response as a refusal. The plaintiff testified that he did not understand the question and did not refuse to submit to taking the test. In compliance with § 14-227b(c), CT Page 6662 another officer signed a statement attesting to the fact that he witnessed the plaintiff's refusal to submit to a chemical test. The Commissioner suspended the plaintiff's license for six months effective April 6, 1994 in accordance with § 14-227b(d).
Pursuant to the plaintiff's request and in accordance with General Statutes § 14-227b(f), the Commissioner held a hearing on the plaintiff's license suspension. The hearing was held on March 30, 1994, before a hearing officer who was acting on behalf of the Commissioner pursuant to § 14-4a. The Commissioner sustained the suspension and subsequently sent notice of her decision to the plaintiff on March 31, 1994. Thereafter, the plaintiff appealed the decision.
"In order for the plaintiff to be properly before this court he must be an aggrieved person within the meaning of General Statutes § 4-183(a) in that a specific, personal and legal interest of his has been adversely affected by the defendant's decision. The suspension of his motor vehicle operator's license is aggrievement under the statute." Marshall v. Delponte, 42 Conn. Sup. 602,606, 634 A.2d 918 (1993, Clark, J.), citing Tarascio v.Muzio, 40 Conn. Sup. 505, 507-08, 515 A.2d 1082 (1986, Vasington, J.).
The plaintiff has properly appealed to the superior court pursuant to General Statutes § 4-183. The Commissioner sent notice of her decision to the plaintiff on March 31, 1994.
"Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted." Buckley v. Muzio, 200 Conn. 1, 3, 509 A.2d 489
(1986). "If the administrative determination of such an issue is reasonably supported by the evidence in the record, it must be sustained. [The] court, in its review of the agency's decision shall not substitute its judgment for that of the hearing officer as to the weight of the evidence on questions of fact." Citations omitted; internal quotation marks omitted.) Clarkv. Muzio, 40 Conn. Sup. 512, 514, 516 A.2d 160 (1986, Hammer, J.). "In appealing from an administrative decision, the plaintiff bears the burden of proving that the decision to suspend his operator's license is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. . . ." (Citations omitted; internal quotation marks omitted ) Harrington v.DelPonte, 229 Conn. 51, 58, 639 A.2d 1028 (1988). CT Page 6663
The plaintiff's grounds for appeal challenge the sufficiency of the evidence to support the Commissioner's findings of probable cause to arrest him for operating under the influence and that he had refused to consent to a chemical test. He claims that he was disoriented as a result of the accident, and therefore, he did not understand the officer's requests.
Pursuant to General Statutes § 14-227b(f), a hearing on whether the license should be suspended is limited to the following four issues: "(1) Did the police officer have probable cause to arrest the person . . . (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis . . .; and (4) was such person operating the motor vehicle."
"In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . . Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed. . . ." (Citations omitted; internal quotation marks omitted.) Statev. Torres, 182 Conn. 176, 189, 438 A.2d 46 (1980). At the hearing, the state offered evidence in support of the officer's finding of probable cause at the hearing.
In the present case, the documentation presented at the hearing shows that the plaintiff refused to answer the police officer's questions and refused to perform field sobriety tests. The supplemental DWI check sheet also explains that the officer smelled a faint odor of alcohol on the plaintiff's breath. It provides that the plaintiff's eyes were bloodshot, that he had slurred speech, defecated in his pants, swayed as he stood, leaned on objects for support, and fought the police officer. Based upon the totality of the circumstances, the police officer's finding of probable cause is reasonably supported by the evidence contained in the record.
The plaintiff's second claim is that he did not refuse to take a chemical test. General Statutes § 14-227b(a) provides that "[a]ny person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine. . . ." If the individual refuses to submit to a test, the Commissioner must suspend the individual's operator's license. General Statutes § 14-227b(d). CT Page 6664
The plaintiff argues that he did not understand what the police officer was asking him regarding the chemical test. In his testimony at the hearing he claimed that he was disoriented after the accident. Yet he admitted that he did not seek medical treatment any time after the accident. The police officer informed the plaintiff of the mandatory alcohol testing requirements of the implied consent law; and furthermore the DWI check sheet, the intoximeter refusal slip and the breath/blood/urine test consent form further explain that the plaintiff refused to submit to the blood alcohol test.
The plaintiff argues that his testimony did not support the Commissioner's findings, and that the Commissioner unfairly gave the police reports more weight than his testimony. The court, however, "must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness. . . ." Conn. BuildingWrecking Co. v. Carothers, 218 Conn. 580, 593, 590 A.2d 447 (1991).
The Commissioner found that the police officer had probable cause to arrest the plaintiff and that, upon arrest, the plaintiff refused to submit to a chemical test. The Commissioner's findings were supported by the evidence in the record. Therefore, the plaintiff did not satisfy his burden of establishing that the Commissioner's findings were clearly erroneous. Accordingly, the appeal is dismissed.
BY THE COURT,
Byrne, J.