ROBERT E. WEBER *v.* BENJAMIN A. MUZIO,
COMMISSIONER OF MOTOR VEHICLES
(13046)

PETERS, C. J., SHEA, CALLAHAN, SPALLONE and NORCOTT, Js.

Argued May 6—decision released July 28, 1987

*Richard P. Heffernan,* with whom, on the brief, was *Leslie Sheppard,* for the appellant (plaintiff).

*Peter E. Wiese,* assistant attorney general, with whom were *Margaret Quilter,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff has appealed from a judgment upholding the suspension of his motor vehicle operator's license pursuant to General Statutes § 14-227b, our implied consent statute. The only issue raised is whether the police officer, who had arrested the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a), adequately warned him that his refusal to submit to chemical testing for determination of the alcoholic content of his blood would automatically result in a suspension of his license pursuant to § 14-227b.

The pertinent facts are not disputed. After having been arrested in Farmington for operating under the influence on July 6, 1984, the plaintiff was taken to police headquarters. The arresting officer requested that he take a breath test. After the plaintiff declined, the officer advised him that "he could lose his license for a period of six months."

The plaintiff claims that the warning given by the arresting officer that his license "could" be suspended for six months does not comply with the provision of General Statutes § 14-227b (b) that a driver be "informed that his license . . . *will be* suspended . . . if he refuses to submit to such test and that evidence of such refusal shall be admissible in accordance with subsection (f) of section 14-227a and may be used against him in any criminal prosecution . . . ." (Emphasis added.)

Our recent decision in *Volck* v. *Muzio,* 204 Conn. 507, 529 A.2d 177 (1987), makes it unnecessary in this license suspension appeal to decide the issue raised by the plaintiff of whether the warning that his license "could" be suspended sufficiently complied with subsection (b) of § 14-227b. In *Volck,* we held that subsection (d) of that statute restricts a license suspension hearing to the determination of four specified issues, none of which requires a determination of whether the police have complied with the warning requirement of subsection (b). We concluded, therefore, that in a license suspension appeal it is not necessary to determine whether a driver has been adequately warned of the consequences of his refusal to submit to the prescribed tests. We note that the trial court in the present case reached the same conclusion, distinguishing the criminal prosecution from the administrative proceeding and holding that "the failure to give such warnings will have no effect on the administrative hearing, the scope of which is so clearly limited by § 14-227b (d)."

There is no error.