[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Commissioner of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license for a period of six months for failure to take a chemical analysis test, based upon CT Page 5459 section 14-227b of the General Statutes.
The plaintiff was stopped by a police officer in Milford on December 21, 1990. After the plaintiff failed to successfully perform the California test he was placed under arrest for operating under the influence of alcohol. He refused to take a chemical alcohol test which was offered to him by the police officer. He requested an administrative hearing on suspension of his license which was held on January 17, 1991. At that time the plaintiff appeared with his attorney but did not testify. The police report on standard form A-44 with an attached narrative statement was made an exhibit at the hearing over the objection of the plaintiff's attorney who claimed that the report was hearsay and that the absence of the police officer who prepared it deprived the plaintiff of an opportunity for cross-examination.
At a license revocation hearing four issues are considered by the hearing officer: (1) did the police officer have probable cause to arrest the person for operating while under the influence of intoxicating liquor; (2) was the person placed under arrest; (3) did the person refuse to submit to the test or analysis; and (4) was the person operating the motor vehicle. Section 14-227b(f) C.G.S.; Weber v. Muzio, 204 Conn. 521, 523; Buckley v. Muzio,200 Conn. 1, 6. The hearing officer found that these requirements were met and suspended the plaintiff's license. The plaintiff is aggrieved by the order and has standing to bring this appeal.
The plaintiff does not dispute the second, third and fourth findings of the hearing officer, but questions whether the police officer had probable cause to arrest him for operating under the influence of alcohol. The amount of evidence required to establish probable cause must exceed mere suspicion, but it is substantially less than that required for a conviction. State v. Patterson, 213 Conn. 708,720. The A-44 report indicates that the plaintiff was involved in a motor vehicle accident and that the police officer investigating the accident discovered that the plaintiff had been drinking from slurred speech and a strong odor of alcohol on his breath. This was confirmed by the California test. The A-44 report standing alone is sufficient to meet the probable cause requirement under the statute, and the narrative report only provides more detailed information. The A-44 report was sworn to by the police officer, and the form states that the information contained in it and the attachments are sworn to under the penalty of false statement. If the police report is considered competent evidence, it complies with the substantial evidence CT Page 5460 rule, and the court cannot substitute its judgment for that of the Commissioner. Section 4-183 (j) C.G.S.; Lieberman v. Board of Labor Relations, 216 Conn. 253, 262; Buckley v. Muzio, supra, 3.
The plaintiff claims that the report was hearsay evidence and that he was deprived of the opportunity for cross examination of the police officer whose report was critical to suspension of the license. In Volck v. Muzio,204 Conn. 508, 518, it was held that the A-44 form is admissible in motor vehicle license revocation proceedings even though its contents are hearsay. Procedural due process requires notice of a hearing on revocation of a license, and at the hearing the licensee may not be deprived of the right to produce relevant evidence and cross examine witnesses produced by the other side, and must be fairly apprised of the facts upon which the Commissioner is to act. Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles,165 Conn. 559, 569. A procedural due process claim requires only the opportunity to cross examine witnesses not actual cross examination, and if a claimant does not exercise the right to subpoena witnesses to the hearing under section 51-85 of the General Statutes, he cannot complain of lack of opportunity for cross examination. Johnson v. DelPonte, 4 CtLR 112 (1991); Dowling v. Commissioner of Motor Vehicles, 4 CtLR 26 (1991); Draicchio v. Commissioner of Motor Vehicles, Superior Court at New Haven, No. 295421, December 6, 1990. See also Welch v. Zoning Board of Appeals, 158 Conn. 208, 213.
No request was made to have the police officer present at the hearing and no subpoena was issued for his attendance. The situation here is almost identical to Johnson v. DelPonte, supra, to which the parties are referred for further discussion of this issue, and fails for the same reason. The plaintiff also contends that if his attorney subpoenaed the police officer that this would shift the burden of proof at the hearing. There is no merit to that claim. A party who presents a witness does not vouch for that witness' testimony, State v. Graham, 200 Conn. 9, 17, and can cross-examine any witness.
No cases have been presented which supports any suggestion that the burden of proof ever shifts from the Commissioner.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE CT Page 5461