[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Michael Angelicola appeals pursuant to section 4-183 of the General Statutes the decision of the defendant Commissioner of Motor Vehicles [the "commissioner"] to suspend the plaintiff's driver's license pursuant to section14-227b of the General Statutes. CT Page 7654
On December 1, 1990, the plaintiff was arrested for operating a motor vehicle under the influence of intoxicating liquor. The arresting officer, acting on behalf of the commissioner, revoked and took possession of the plaintiff's driver's license and issued him a temporary license. The officer took this action because of the plaintiff's alleged refusal to submit to a chemical test to measure his blood alcohol level. By notice dated December 7, 1990, the commissioner notified the plaintiff that pursuant to section14-227b, his license to operate a motor vehicle would be suspended for six months, effective January 5, 1991. The notice also informed the plaintiff that he was entitled to a hearing prior to the suspension date. A hearing was requested by the plaintiff.
The hearing was held on December 19, 1991, before Attorney David Shainess [the "hearing officer"]. The plaintiff appeared and was represented by counsel. By decision dated December 20, 1990, the hearing officer set forth his findings of fact and conclusions of law, and upheld the suspension of the plaintiff's license for six months. The basis of the suspension was section 14-227b, which provides that the commission shall suspend for six months the license of anyone who has been arrested for driving under the influence and who refuses to submit to a chemical test.
Section 14-227b(f) provides, in part, as follows:
 The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; CT Page 7655 and (4) was such person operating the motor vehicle.
If, after the hearing, the hearing officer finds on any one of these issues in the negative, the commissioner must reinstate the license or operating privilege. In this case, the hearing officer found all of the issues in the affirmative.
The court finds that the commissioner's decision adversely affected a specific personal and legal interest of the plaintiff, his right to operate a motor vehicle, and concludes, therefore, that he is aggrieved by that decision within the meaning of section 4-183 (a) of the general statutes.
The plaintiff attacks the findings and conclusions of the hearing officer concerning the issues enumerated in section14-227b(f) on two grounds. First, the plaintiff contends that his refusal to submit to the test is not a legitimate basis for the suspension of his license because he was not informed of the consequences of such refusal. Although he concedes that he did refuse to take the test, he argues that the police used an outdated form to explain to him the consequences of his refusal. Specifically, he points to the fact that the form that was used did not inform him that evidence of his refusal could be used against him in a criminal prosecution. The plaintiff's position in this regard may not be sustained. Our supreme court has held that "actual knowledge of the consequences of a refusal to be tested is not an essential ingredient of the requisite finding of such a refusal for the purpose of a license suspension." Volck v. Muzio, 204 Conn. 507,520 (1987). See also Weber v. Muzio, 204 Conn. 521, 523
(1987).
The plaintiff's second contention is that the police did not have probable cause to arrest the plaintiff for driving under the influence in violation of section 14-227a of the general statutes. At the hearing, the report of the arresting officer was admitted in evidence without objection, and it is Record Item No. 6 in this appeal. That report indicates that immediately prior to his arrest the plaintiff's vehicle was involved in a one-car accident, that it left the scene, that it veered back and forth across the center line of the roadway, that the plaintiff staggered, that his speech was slurred, and that he smelled of alcohol. The plaintiff is a physician. He testified that he bumped his head during the accident but refused medical treatment at that time. He did see a doctor the next day, however, and was told that he had suffered a concussion. This testimony was apparently offered to explain his condition just prior to his arrest on the drunk driving charge. CT Page 7656
"In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176. 189 (1980). "Judicial review of the commissioner's action . . . is very restricted . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him" Lawrence v. Kozlowski, 171 Conn. 705, 707-708 (1976). The police report of the plaintiff's erratic driving, staggering, slurred speech and odor of alcohol provided substantial evidence to support the conclusion of the hearing officer that there was probable cause to arrest the plaintiff for driving under the influence. That being so, the court must not disturb the conclusion even `though the plaintiff in this case offered evidence of a head injury which might support a different conclusion.
For all of the above reasons, the plaintiff's appeal may not be sustained and is dismissed.
MALONEY, J.