[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to Section 4-183 of the Connecticut General Statutes, the plaintiff has filed the instant appeal seeking judicial review of the Commissioner of Motor Vehicles' suspension decision under Connecticut's implied consent law [14-227b]. Based on a stipulation of facts on the hearing date that the plaintiff was the one whose license was suspended, the court finds that the plaintiff is aggrieved.
FACTS
On September 16, 1989, at 4:13 P.M., the plaintiff was arrested by Officer Gallagher for operating while under the influence, in violation of Connecticut General Statutes, Section14-227a. After being apprised of the chemical alcohol testing requirements of the implied consent law, the plaintiff refused to take the test. The plaintiff refused to sign the "Refusal to Consent to Chemical Analysis of Blood/Breath/Urine", which was witnessed by Officer Johnson. The arresting officer revoked the plaintiff's license for 24 hours.
The plaintiff was released from custody of the Newington Police Department at approximately 5:00 P.M. and at approximately 6:30 to 6:45 P.M, Mr. Lampugnale, the plaintiff's employer, drove the plaintiff back to the police department and then requested that the test now be given. The plaintiff was told that he could not then take the breath test. CT Page 43
The Department of Motor Vehicles timely notified the plaintiff of his right to an administrative hearing regarding the suspension of his operator's license. By notice dated February 23, 1990, the defendant Commissioner for the Department of Motor Vehicles ("Commissioner") notified plaintiff that pursuant to General Statutes 14-227b, a hearing would be held on March 13, 1990 regarding his alleged refusal to submit to the breath test. A hearing was held on March 13, 1990 at which plaintiff was represented by counsel. The March 13 hearing was continued to June 19, 1990 before the same hearing officer. By decision dated June 19, 1990, the hearing officer set forth his findings of fact and conclusions of law, and ordered the suspension of plaintiff's license for six months. The hearing officer positively found against plaintiff on all four grounds of appeal. By letter dated July 31, 1990, the plaintiff was notified that effective August 11, 1990, his Connecticut driver's license would be suspended.
On August 7, 1990, plaintiff filed an application for a stay of the suspension during the pendency of his appeal. The stay was granted on August 7, 1990.
SCOPE OF JUDICIAL REVIEW
Pursuant to Section 14-227b(f), the administrative hearing is limited to four issues:
"(1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle."
The limited scope of review authorized by law prohibits the court from substituting its judgment for that of the Commissioner of Motor Vehicles on questions of fact or concerning the weight to be given the evidence. As stated in Buckley v. Muzio, 200 Conn. 1 (1986) at pg. 3:
"Judicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is CT Page 44 very restricted. Lawrence v. Kozlowski, 171 Conn. 705, [707-708] 372 A.2d 110 (1976). Neither this court nor the trial court may retry the case or substitute its own judgment for that of the defendant." C H Enterprises, Inc. v. Commissioner of of Motor Vehicles, 176 Conn. 11, 12, 404 A.2d 864 (1978); DiBenedetto v. Commissioner of Motor Vehicles, 168 Conn. 587,589, 362 A.2d 840 (1975); see General Statutes 4-183 (g). "The court's ultimate duty is only to decide whether, in light of the evidence, the [commissioner] has acted unreasonably, arbitrarily, illegally, or in abuse of [his] discretion." Burnham v. Administrator, 184 Conn. 317, 322, 439 A.2d 1008
(1981); Riley v. State Employees' Retirement Commission,178 Conn. 438, 441, 423 A.2d 87 (1979); see also Persico v. Maher,191 Conn. 384, 409, 465 A.2d 308 (1983).
ISSUES
In support of his appeal, the plaintiff argues:
1) There was not substantial evidence on the record to support a finding of refusal to take the test;
2) Since the plaintiff changed his mind and returned to the police station and requested the test, there thus was no refusal;
3) The plaintiff was not advised that his refusal could be used against him in any criminal prosecution; and
4) Procedural changes in 14-227b(b) effective January 1, 1990, make the Commissioner's decision ineffectual.
I. Refusal
The plaintiff argues that there was not substantial evidence on the record to support a finding of refusal to take the test in question. The plaintiff relies on Murchie v. DelPonte, 4 CTLR 281 (July 15, 1991, Dunnell, J.), where the court held that a refusal to sign an implied consent form does not constitute refusal to submit to testing under General Statute 14-227b.
In the case at hand, however, there was more evidence in the record to support a finding that the plaintiff refused to take the test than in the DelPonte case. Besides the testimony elicited at the hearing, state's exhibit C was admitted without objection and clearly indicates in narrative form that the plaintiff refused to take any test.
The plaintiff also argues that he did not refuse to take CT Page 45 the breath test because he returned to the police station more than an hour after his release from custody and was then willing to be tested.
The commissioner counters that General Statutes 14-227b(b) requires a person to take the breath test soon after being read the enumerated statutory rights. The Commissioner further argues that 14-227b(b) impliedly does not allow the plaintiff to initially refuse to be tested and subsequently change his mind.
Section 14-227b-4 (b) of the regulations of Connecticut state agencies states in pertinent part that "[i]f a person refuses to take the . . . test designated by the police officer . . . no chemical analysis or test shall be given, and the person shall be deemed to have refused to submit to a chemical analysis."
In Tomczyk v. DelPonte, 4 CTLR No. 2, 60 (May 3, 1991, Schaller, J.), the court noted that while the implied consent statute does not define "refuse," a DMV regulation, 14-227b-5, promulgated under the statute, provides:
 A person shall be deemed to have refused to submit to a chemical analysis if he remains silent or does not otherwise communicate his assent after being requested to take a blood, breath or urine test under circumstances where a response may reasonably be expected.
"Words in a statute must be given their plain and ordinary meaning and be interpreted in their natural and usual meaning unless the context indicates that a different meaning was intended." All Brand Importers, Inc. v. Department of Liquor Control, 213 Conn. 184, 194-95, 567 A.2d 1156 (1989) (citations omitted).
In Dorman v. DelPonte, 41 Conn. Sup. 437 (1990, Fuller, J.), the plaintiff had been uncooperative in taking the breath test after he had already assented to it, and the officer construed this to be a refusal to take the breath test. The court held that when a driver consents to take the test but performs it improperly, such performance is not a refusal within the meaning of General Statutes 14-227b.
In the present case, the plaintiff was not uncooperative in taking the breath test. Instead, the plaintiff outrightly refused to take the test. If the results of the tests are to have any validity, certainly it is of the utmost importance that an arrestee be under continuous observation. To allow someone CT Page 46 to at first refuse the test, then come back to the police station over one hour later after a change of heart and after the alcohol content has dissipated somewhat, would obviously lead to absurd results.
II. Sufficiency of Warning
The plaintiff argues that he was not properly advised by the arresting officer that his failure to submit to a chemical test could be used against him in criminal proceedings. The plaintiff further maintains that the failure to use the operative language of General Statutes 14-227b renders the license suspension a nullity.
Plaintiff relies on Tarascio v. Muzio, 40 Conn. Sup. 505,515 A.2d 1082 (1986) for the proposition that failure to warn the arrestee that refusal to take the test could be used against him in a criminal proceeding rendered the decision to suspend his license contrary to law. However, the Tarascio case appears to have been vacated in 1987 and is not good law. (See Appellate Court Order, No. A.C. 5582, March 6, 1987).
The Commissioner argues that the plaintiff's claim is not reviewable because the sufficiency of the warning is not appealable under General Statutes 14-227b(d).
With respect to a license suspension hearing, whether or not an arresting officer informed the motorist of the consequences of a refusal to submit to chemical testing is not made one of the issues to be adjudicated pursuant to what is now subsection (f). Volck v. Muzio, 204 Conn. 507, 520 529 A.2d 177
(1987). Although one of the four issues to be determined is whether a driver has refused to submit to chemical testing, his knowledge of the consequences is not an essential factor in deciding whether such a refusal has occurred. Id. Nonconformity with the warning requirement of section 14-227b(b) only renders evidence of a refusal of testing inadmissible in a criminal prosecution for operating under the influence or with impaired driving ability. Id., 519. "The legislature, by limiting the issue at the license suspension hearing to whether a refusal has occurred, has chosen to rely on the presumption that everybody knows the law, including the consequences of breaking it." Id., 521. "[A] failure to warn the plaintiff of the consequences of his refusal of testing would not constitute a ground for setting aside the order of suspension. Id.; Weber v. Muzio, 204 Conn. 521, 523, 528 A.2d 828 (1987).
Furthermore, there is no requirement that the motorist understand the consequences of a refusal to submit to chemical testing as told to him by the arresting officer before his CT Page 47 license may be suspended. Buckley v. Muzio, 200 Conn. 1, 8,509 A.2d 489 (1986). "A refusal to submit to chemical testing for purposes of an administrative sanction need not be knowing and intelligent, for it is not analogous to the waiver of constitutional rights by a person accused of a crime." Id.
The issue of whether or not plaintiff was properly warned of the consequences of his refusal to take the chemical test is not one which must be considered in a license suspension hearing, and that failure to warn is not a ground upon which the appeal may be sustained. Therefore, the plaintiff's argument must fail.
III. Statutory Compliance
The plaintiff lastly argues that procedural changes in General Statutes 140-227b(b) effective January 1, 1990, have not been complied with. Therefore, the plaintiff maintains the decision of the Commissioner suspending plaintiff's license is ineffectual.
General Statutes (Rev. to 1989) 14-227b(d) states in pertinent part:
 Upon receipt of such report of a first refusal, the commissioner of motor vehicles shall suspend any license or nonresident operating privilege of such person for a period of six months. Any person whose license or operating privilege has been suspended in accordance with this subsection shall automatically be entitled to an immediate hearing before the commissioner.
General Statutes (Rev. to 1991) 14-227b(d) states in pertinent part:
 Upon receipt of such report, the commissioner of motor vehicles shall suspend any license or non-resident operating privilege of such person effective as of a date certain, which date shall be not later than thirty-five days after the date such person received notice of his arrest by the police officer . . . Any person whose license . . . has been suspended in accordance with this subsection shall automatically be entitled to a hearing before the commissioner to be held prior to the effective date of the suspension.
(emphasis added). CT Page 48
Conn. Pub. Acts 89-314, effective January 1, 1990, revised General Statutes 14-227 (b) by imposing a thirty-five day time limitation for holding an administrative hearing. Prior to the amendment in 1989, a person whose license was suspended was "automatically entitled to an immediate hearing before the commissioner." General Statutes (Rev. to 1989 (14-227b(d). The pre-amendment version of General Statutes 14-227b(d) did not have a time requirement for the hearing as is required in the amended version of that statute.
The Commissioner maintains that the administrative hearing was timely. The Commissioner contends that whether the time limits imposed by Conn. Pub. Acts 89-314 are procedural or substantive should not make a difference because the hearing is timely under both.
Since the version of General Statutes 14-227b(d) in effect at the time of plaintiff's arrest on September 19, 1989 did not provide a time limit for the hearing, and a hearing was in fact held, the Commissioner has complied with the statutory requirements.
For all of the foregoing reasons, the appeal is dismissed.
CLIFFORD, J.