[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Stephen Thibodeau appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the CT Page 3821 alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The court finds the issues in favor of the defendant commissioner.
The plaintiff advances two arguments in support of his appeal: (1) that the police did not have probable cause to arrest him on the drunk driving charge and (2) that the police did not adequately explain the consequences of refusing to submit to a breath test.
General Statutes § 14-227b requires the motor vehicle department hearing officer to determine, inter alia, "(1) Did the police officer have probable cause to arrest the person for . . . operating a motor vehicle while under the influence of intoxicating liquor. . . ." The hearing officer's task, therefore, is to examine the evidence from the viewpoint of the arresting officer. State v. Merritt, 36 Conn. App. 76, 85-86
(1994). The inquiry is whether the police officer, on the basis of the facts within his knowledge at the time, had probable cause to arrest the person. "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176,189 (1980).
At the administrative hearing, the plaintiff, who appeared pro se, essentially admitted the truth of the statements set forth in the written report of the police officer who arrested him. The officer states in the report that he observed the plaintiff driving erratically, including speeding through a construction site. When stopped, the plaintiff admitted he had been drinking. His eyes were bloodshot. He fumbled in presenting his license and vehicle documents. He failed several of the standard field sobriety tests.
The plaintiff's principal argument on the probable cause issue is that the police report does not indicate that the officer smelled alcohol on the plaintiff's breath.
"Judicial review of the commissioner's action . . . is very restricted. . . . The credibility of witnesses and the determination of factual issues are matters within the province CT Page 3822 of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v.Kozlowski, 171 Conn. 705 (1976). The totality of circumstances in this case, all undisputed, clearly add up to probable cause to arrest the plaintiff on the drunk driving charge. The fact that the police officer did not state he smelled an odor of alcohol on the plaintiff's breath is not significant, especially given the fact that the plaintiff told the officer he had been drinking.
The plaintiff's other argument, concerning his lack of understanding of the consequences of refusing to be tested may not be sustained. Weber v. Muzio, 204 Conn. 521 (1978).
MALONEY, J.