[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant Commissioner of the State of Connecticut CT Page 8854 Department of Motor Vehicles (DMV), by decision dated June 4, 1997; suspended Plaintiff's Connecticut motor vehicle operator's license for a period of six months. The Plaintiff is aggrieved by such decision and brings this appeal pursuant to General Statutes § 4-183.
The Plaintiff was arrested on April 24, 1997, for operating a motor vehicle while under the influence of alcohol § 14-227
and failure to drive right § 14-230 in Plainville, Connecticut. The Plaintiff was initially observed operating erratically (crossing the center line of the roadway and traveling completely in the eastbound lane while traveling westbound). Plaintiff was stopped and questioned by a Plainville Police Officer. Plaintiff had a strong odor of alcohol on his breath, had alcohol containers in his vehicle and had "extremely slurred" speech. Plaintiff was requested to exit his vehicle and perform field sobriety tests. Plaintiff stumbled and needed assistance to walk to the back of his vehicle. Plaintiff failed to correctly recite the alphabet. Plaintiff failed to successfully perform the "Horizontal Gaze Nystagmus" test; "Walk Turn" and "One Leg Stand" field sobriety tests. Plaintiff admitted to drinking and consuming six or seven beers. Plaintiff was arrested and processed at the Plainville Police Department. Plaintiff in the presence of the arresting officer and a witnessing police officer refused to perform a breathalizer blood-alcohol test.
Plaintiff was notified on May 1, 1997, that a suspension of his operator's license for refusal to take a chemical alcohol test, would be effective May 24, 1997. Plaintiff requested a continuance, and by revised notice of May 20, 1997, was given an effective date of suspension of June 8, 1997 and hearing date of June 3, 1997. Plaintiff through his attorney subpoenaed the arresting and witnessing police officers on Saturday evening, May 31, 1997, for the 1:00 p. m. June 3, 1997 hearing. (Respondent's Exhibits 1 and 2.) The subpoenas ducas tecum requesting various manuals and records relating to the Intoxilyzer 500 machine; which Plaintiff had refused to submit to analysis from.
Plaintiff at the hearing of June 3, 1997, requested a continuance of the hearing to allow him to enforce his subpoenas. The Plaintiff agreed to waive the forty-five day time limitation of § 14-227b for the rendition of a decision; he refused to waive the automatic reinstatement provision upon the expiration of the time limit in § 14-227b(g). The DMV hearing officer CT Page 8855 refused to grant a continuance and admitted the A-44 form and supplements over Plaintiff's objection.
Plaintiff in his appeal claims that the A-44 was inadmissible because in the absence of the subpoenaed documents, Plaintiff was unable to adequately cross examine the police officers on the issues of probable cause and the refusal to take the chemical analysis test.
The A-44 police report form with supplements is admissible evidence pursuant to § 4-227D-19 of the Regulation of Connecticut State Agencies, Schallenkamp v. DelPonte,239 Conn. 31, 38 (1994). Bialawas v. Commissioner of Motor Vehicles,44 Conn. App. 702, 713 (1997). The A-44 report is designed to provide "sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer." Volck v. Muzio,204 Conn. 507, 518 (1987).
Plaintiff claims that the admission of the A-44 was erroneous because the officers failed to bring the subpoenaed documents. The suspension hearing provided under § 14-227b is limited to four issues.[1] These limitation have been approved by our Courts in Buckley v. Muzio, 200 Conn. 1, 8 (1986) and Weber v.Muzio, 204 Conn. 521, 523 (1987).
The issue which Plaintiff claims the subpoenaed documents are relevant to is whether the police officer had probable cause to arrest the Plaintiff for violation of § 14-227. Assuming that the records on the officer's training and the field sobriety tests showed that the tests were not properly admitted; the observations of erratic operation, presence of alcohol, odor of alcohol, slurred speech, staggering, and admission to drinking six or seven beers would constitute probable cause. Further the inability to recite the alphabet, gaze problems, difficulty walking and inability to stand on one leg are observations which can be considered in evaluating probable cause. This is the case even if the observations were not of standardized test performance.
The documents were irrelevant to the issue of probable cause.
Plaintiff's claims relating to the issue of the refusal to take the chemical test are equally unavailing. Plaintiff admitted CT Page 8856 at the hearing that he refused to be tested at the Plainville Police Department. Both police officers testified at the hearing that Plaintiff refused to take a chemical test.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, 237 Conn. 272, 281 (1996). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
This court "must decide, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. Ottochian v.Freedom of Information Commission, 221 Conn. 393, 397,604 A.2d 351 (1992).
The appeal is dismissed.
Robert F. McWeeny, J.