[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff appeals from a decision of the defendant Commissioner of the State of Connecticut Department of Motor Vehicles (DMV) suspending his motor vehicle operator's license for a period of six months. The license suspension was ordered pursuant to General Statutes § 14-227b, for a refusal to submit to blood alcohol content testing. The court finds the issues in favor of the defendant.
The facts are as follows. Plaintiff was observed erratically operating a motor vehicle on a Colchester, Connecticut public highway on August 10, 1997. The officer after stopping plaintiff noticed an odor of alcohol and slurred speech. Plaintiff failed field sobriety tests and was arrested for failure to obey traffic signal; General Statutes § 14-299; and for driving under the influence of alcohol or drugs; General Statutes § 14-227a.
Plaintiff was taken to the Colchester, Connecticut State CT Page 12357 Police barracks. He was advised of his rights and given the implied consent law advisory. Plaintiff was afforded an opportunity to call an attorney. Plaintiff spoke to his attorney over the telephone. Plaintiff's attorney came to the police barracks promptly after the call, but was denied an opportunity to speak to the plaintiff. The attorney arrived at the barracks within one-half hour of the arrest, and, according to her testimony at the administrative hearing, planned on advising the plaintiff to take the test.
The plaintiff's license was suspended pursuant to Connecticut's implied consent law, General Statutes §14-227b. Plaintiff requested and received a hearing before a DMV hearing examiner. The DMV final decision issued on September 5, 1997, found (1) that the police officer had probable cause to arrest plaintiff for violating § 19-227b, (2) that plaintiff was placed under arrest, (3) that the plaintiff refused to submit to blood alcohol test or analysis, and (4) that plaintiff was operating the motor vehicle. Plaintiff's license was suspended for six months.
Plaintiff filed this appeal on September 12, 1997, pursuant to General Statutes § 4-183. The answer and record were filed an October 14, 1997. Briefs were filed by the plaintiff on November 14, 1997 and defendant on November 21, 1997. The parties were heard in oral argument on November 24, 1997.
The motor vehicle license suspension hearings under §14-227b are limited to the four issues addressed in the decision.Buckley v. Muzio, 200 Conn. 1, 8 (1986); and Volck v. Muzio,204 Conn. 507, 521 (1987).
Plaintiff in his brief raises two issues relating to probable cause and the refusal to take the test. The issues of the plaintiff's operation of the motor vehicle and arrest are not contested.
The probable cause issue is resolved by application of the substantial evidence standard of review. "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency CT Page 12358 on the weight of the evidence or questions of fact." (Citations and internal quotation marks.) Dolgner v. Alander, 237 Conn. 272,280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j) (5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
The record contains the A-44 report and supplement which indicate plaintiff's erratic operation, odor of alcohol, slurred speech, and poor performance on the field sobriety tests. Substantial evidence therefore exists to support the probable cause determination.
Plaintiff's primary argument relates to the refusal issue. Plaintiff points out evidence that he believes is inconsistent with the finding of a refusal. However, the record contains the investigation report supplement to the A-44 which states on page 5: "Shea was given the opportunity to take the a breath test and after speaking with his attorney he stated `No' I'm not taking any test in the presents (sic) of TPR Guerra #420." The A-44 report also contains the signature of Trooper Guerra attesting to the refusal. Thus, there is substantial evidence of the refusal.
The § 14-227b proceeding is limited to the four issues set forth in the statute; and the court review is similarly limited. "[I]n a license suspension appeal it is not necessary to determine whether a driver has been adequately warned of the consequences of his refusal to submit to the prescribed tests."Weber v. Muzio, 204 Conn. 521, 523 (1987). Plaintiff's claim that he should have been allowed to consult with his attorney in CT Page 12359 person is not reviewable in a § 14-227b suspension hearing.[1] See Kramer v. Del Ponte, 28 Conn. App. 101, 102
(1992).
The appeal is dismissed.
Robert F. McWeeny, J.