[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals the decision of the defendant Commissioner of the Department of Motor Vehicles (DMV) suspending her motor vehicle operator's licence for a period of six months. The DMV acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of her blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to the Uniform Administrative Procedure Act (UAPA) § 4-166, et seq. The court finds the issues for the defendant DMV.
The record reflects the following facts. On May 8, 1998, at 0141 a.m. the state police received a 911 call about a possible intoxicated driver on I-91. A trooper spoke with the 911 caller, who identified the plaintiff's vehicle.
The plaintiff was approached by a state trooper who noted "a strong distinct odor of alcoholic beverage" on the plaintiff's breath, her slurred speech and fumbling for her paperwork. The plaintiff also had red/watery bloodshot eyes. The plaintiff could not stand without assistance and failed roadside field sobriety tests. The plaintiff was arrested for operating under the influence.
The plaintiff was transported to the Windsor Police Department, where she was offered one-half hour to contact an attorney by telephone. The plaintiff agreed to a chemical analysis of the alcohol content of her blood, but requested a CT Page 11084 blood test. The trooper chose a breath test.
The plaintiff began to cough for the first time at the time of the breath test. The plaintiff was instructed to breath for a sustained period into the breath test machine. The procedure was explained repeatedly by several troopers. The plaintiff interrupted the process by stopping her breathing after short bursts of breath. The breath analysis machine could not obtain a reading because the plaintiff did not breath for a sustained period. The breath analysis machine was certified, operated by a certified operator and checked for accuracy in accordance with regulation.
The plaintiff was the only occupant of the vehicle, there was probable cause for the arrest and she was in fact arrested for operating under the influence.
The suspension hearing provided under § 14-227b is limited to four issues.[1] These limitations have been approved in Buckley v. Muzio, 200 Conn. 1, 8 (1986) and Weber v. Muzio,204 Conn. 521, 523 (1987).
The only issue raised by the plaintiff is whether she refused to submit to the blood alcohol test or analysis.
Two troopers and the plaintiff testified at the DMV hearing. The hearing officer made a subordinate finding: "Testimony notwithstanding, the trooper and sergeant both testified that the respondent was not giving a best effort and was refusing testing by conduct."
In this type of an administrative appeal, the plaintiff bears the burden of proving that the DMV decision to suspend a motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994), see Lawrencev. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The CT Page 11085 evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . . [I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." (Citations omitted; internal quotation marks omitted.) Bialowas v. Commissioner ofMotor Vehicles, 44 Conn. App. 702, 709 (1997).
"`[R]efusing' to take a breath test may be accomplished by a failure to cooperate as well as by an expressed refusal." Statev. Corbeil, 41 Conn. App. 7, 19 (1996), cert. granted on other grounds and appeal dismissed, 237 Conn. 919. In Bialowas v.Commissioner of Motor Vehicles, supra, the Appellate Court ruled: "We hold that where it is undisputed that the motorist submitted to the chemical alcohol test, the fact that he failed to provide an adequate breath sample does not automatically constitute refusal within the meaning of § 14-227b. Such refusal must be supported by substantial evidence." Bialowas v. Commissioner ofMotor Vehicles, supra, 44 Conn. App. 714-15.
The A-44 attachment indicates: "At the time of the breath test the accused began to cough non-stop stating that she had been coughing all night. The accused was observed by myself and Sgt. McKee of the Windsor P.D. not coughing at all during any of the interview period prior to the test. The accused was then given the breath test by myself. The accused stated that she understood the breath test. She was unable to give a sufficient sample on two different occasions. This trooper did observe the pre-insufficient result with a .175 prior to the accused stopping to blow." The A-44 report indicates that "The analytical device was certified, analytical device was operated by a certified operator, and analytical device was checked for accuracy in accordance with applicable state regulations.
In addition, the DMV had the testimony of both the trooper and Sgt. McKee at the hearing. Their testimony established that the plaintiff had been given detailed instruction to sustain a breath for six to ten seconds, but repeatedly interrupted her breathing.
In Ellam v. Commissioner of Motor Vehicles, 47 Conn. App. 509
(1998), a refusal was found and Bialowas was distinguished based on the A-44 testing device certification, observation of a failure to blow sufficient breath for a second test and warning. CT Page 11086
In the instant case, the transcript reveals in detail the plaintiff's continued refusal to follow instructions, her repeated stops when the machine began to register. (Return of Record pp. 7-8.)
The evidence of the repeated instructions by three officers, refusal to follow simple instruction (to sustain a breath for six to ten seconds), certification of the testing device and its operator, partial testing read out and commencement of coughing at time of testing was substantial evidence upon which the hearing officer could rely in finding a refusal.
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.