[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13096
The plaintiff appeals the decision of the defendant Commissioner of the Department of Motor Vehicles (DMV) suspending his motor vehicles operator's license for six months. The DMV acted pursuant to General Statutes § 14-227b
on the basis of the plaintiff's refusal to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to the Uniform Administrative Procedure-Act (UAPA) § 4-166 et seq., § 4-183. The court finds the issues in favor of the defendant.
The record reflects the following facts. On May 24, 1998 at 1:35 a.m., the plaintiff was operating a motor vehicle on a public highway in Berlin, Connecticut. Officer Deptula of the Berlin Police Department observed the plaintiff make a left turn from the wrong lane and against a red light. Officer Deptula stopped the plaintiff and noted an odor of alcohol, slurred speech and the plaintiff's glassy, bloodshot eyes. The plaintiff consented to and attempted field sobriety tests (alphabet, horizontal gaze nystagmus, walk-turn and one leg stand), on which he performed poorly. The plaintiff was arrested for operating under the influence in violation of § 14-227a. The plaintiff was advised of his Miranda rights, Miranda v.Arizona, 384 U.S. 436 (1966), and his implied consent advisory. The plaintiff was afforded an opportunity to telephone an attorney and subsequently agreed to take a breath blood-alcohol test. The machine was unable to register sufficient breath to obtain a reading.
Officer Deptula explained the test to the plaintiff several times. Concerning the plaintiff's performance of the test, the officer noted: "I could hear no air being expelled from his mouth nor was there any rise or fall of his chest or stomach indicating air exchange. I advised Cushman numerous times he needed to make a honest attempt to take the test or he would be charged with a refusal. . . I then told him I would give him one more opportunity to properly take the test. . . Cushman was once again pretending to blow into the intoxilyzer. Only twice were two beeps heard indicating a sufficient breath. Cushman CT Page 13097 continued to make an improper seal and blow air out from the corners of his mouth." (Return of Record (ROR), Item 3, State's Exhibit A.)
The suspension hearing provided under § 14-227b is limited to four issues.[1] These limitations have been approved in Buckley v. Muzio, 200 Conn. 1, 8 (1986) and Weber v. Muzio, 204 Conn. 521, 523 (1987).
The plaintiff in his appeal contests the admission of the reports attached to the A-44 form (State's Exhibit #A) and the finding of the refusal.
The plaintiff in his brief argues that he was denied access to the original A-44 and attached seven page uniform incident report. The transcript, however, establishes that he did not object to the admission of the A-44 at the hearing. (ROR, Item 2b, Transcript dated July 7, 1998, p. 5.) "Again, I have no objection to the A-44 and the Breathalyzer strips and the license, but I do have an objection and I must strenuously object again to the A-44 . . . I'm sorry . . . the police narrative report." (See also ROR, Item 2a, Transcript dated July 2, 1998, p. 5. ("The next page down is the two page, page 44 Form, I have no objection to the two page A-44 Form."))
The A-44 was accompanied by photostatic copies of the police narrative report. The A-44 indicated: "In addition to the A-44 form, this report includes supplemental, explanatory material, attached hereto and subject to the oath requirement."
The plaintiff's argument and objection at the administrative hearing was to the copies of the police narrative report on the basis that they were not signed under oath by the officer. (ROR, Transcript dated July 2, 1998, p. 7.) In Bialowas v. Commissioner of Motor Vehicles,44 Conn. App. 702, 713 (1997), it was held that: "The arresting officer, by signing and swearing to the report under oath, indicated the narrative supplement was also signed under oath and sworn to." This was the result even when the box specifically indicating that was not checked. In the instant case, the appropriate box on the A-44 was checked. The hearing officer correctly admitted the narrative report attached to and incorporated into the A-44. CT Page 13098
The plaintiff also cites § 4-178(4)[2] as grounds for exclusion of the narrative report. The hearing commenced on July 2, 1998 and the State produced copies of the narrative report. The plaintiff requested an opportunity to view the originals (apparently to review, whether and when they were signed). The hearing officer granted a continuance to allow the plaintiff to either review the originals at the Berlin Police Department or subpoena them for the continued hearing. The plaintiff subpoenaed the originals, but the arresting officer again appeared with copies. The plaintiff introduced another copy of the narrative report. (ROR, Item 5, Respondent's Exhibit 2.) The arresting officer at the continued hearing confirmed that the copy (ROR, Item 3, State's Exhibit A) was a copy of the original. Officer Deptula was also available for cross examination.
The UAPA § 4-183(j) directs the court to affirm the decision of the agency "unless the court finds that substantial rights of the person appealing have been prejudiced."
The admission of the narrative reports without the original being available did not prejudice the plaintiff where the arresting officer testified and was available for cross examination.
In this type of an administrative appeal, the plaintiff bears the burden of proving that the DMV decision to suspend a motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v. DelPonte, 229 Conn. 31,39 (1994), see also Lawrence v. Kozlowski, 171 Conn. 705,713-14 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930,53 L.Ed.2d 1066 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for CT Page 13099 the jury. . . [I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." (Citations omitted; internal quotation marks omitted.) Bialowas v. Commissioner of Motor Vehicles,supra, 44 Conn. App. 709.
"`[R]efusing' to take a breath test may be accomplished by a failure to cooperate as well as by an expressed refusal." State v. Corbeil, 41 Conn. App. 7, 19 (1996), cert. granted on other grounds and appeal dismissed,237 Conn. 919. In Bialowas v. Commissioner of Motor Vehicles,supra, the Appellate Court ruled: "We hold that where it is undisputed that the motorist submitted to the chemical alcohol test, the fact that he failed to provide an adequate breath sample does not automatically constitute refusal within the meaning of § 14-227b. Such refusal must be supported by substantial evidence." Bialowas v.Commissioner of Motor Vehicles, supra, 44 Conn. App. 714-15.
The evidence contains objective observations by the officer that the plaintiff's chest and stomach did not exhibit any rise or fall indicating breathing, and no air was heard being expelled. Subsequently, the officer observed the plaintiff making an improper seal and blowing out of the corners of his mouth. The plaintiff had the test procedure repeatedly explained, was, offered numerous opportunities to perform the test and was warned of the consequences of a failure to perform the test properly.
The A-44 report indicated that "[t]he analytical device was operated by a certified operator, and analytical device was checked for accuracy in accordance with applicable state regulations." In addition, the test tapes (ROR, Item 3, State's Exhibit A) and officer's testimony confirm that the device was operating properly.
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.