[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Michael MacDonald, appeals the decision of the defendant, Commissioner of the Department of Motor Vehicles (DMV), suspending his motor vehicle operator's license for a period of six months pursuant to General Statutes § 14-227b. The plaintiff has brought this appeal pursuant to General Statutes § 4-183.
The evidence at the hearing before the DMV hearing officer consisted of the A-44 Form,[1] with attached report, and the plaintiff's testimony.
The A-44 and attached supplemental report and documents establish that on April 18, 1998, at approximately 12:51 a.m., CT Page 14020 Officer Deptula, Berlin Police Department, observed the plaintiff, Michael F. MacDonald, run a red light on Route 5/15 in Berlin. The plaintiff was stopped for the traffic violation at which point the officer could smell an odor of alcohol on the plaintiff's breath. The plaintiff's eyes were glossy and bloodshot, and he had slurred speech. The plaintiff admitted to having five drinks and could not recite the alphabet. The plaintiff failed each standardized field sobriety test, including the Horizontal Gaze Nystagmus, Walk and Turn, and the One Leg Stand.
The plaintiff was arrested for driving while under the influence of intoxicating liquor in violation of General Statutes § 14-227a and for the motor vehicle violation. The plaintiff was advised of his Miranda rights as well as the implied consent advisory from the A-44 Form. According to the report, the plaintiff was uncooperative through much of the processing. Other facts relating to the testing of the plaintiff will be discussed later in this opinion.
The suspension hearing provided under § 14-227b is limited to four issues.[2] These limitations have been approved in Buckley v. Muzio, 200 Conn. 1, 8 (1986) and Weber v. Muzio,204 Conn. 521, 523 (1987).
In this type of an administrative appeal, the plaintiff bears the burden of proving that the DMV decision to suspend a motor vehicle operator's license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994), see Lawrencev. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury . . . [I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." (Citations omitted; CT Page 14021 internal quotation marks omitted.) Bialowas v. Commissioner ofMotor Vehicles, 44 Conn. App. 702, 709 (1997).
In this appeal, the only issue raised by the plaintiff is whether he refused to submit to the blood alcohol test or analysis.
"`[R]efusing' to take a breath test may be accomplished by a failure to cooperate as well as by an expressed refusal." Statev. Corbeil, 41 Conn. App. 7, 19, cert. granted on other grounds and appeal dismissed, 237 Conn. 919 (1996). In Bialowas v.Commissioner of Motor Vehicles, supra, the Appellate Court ruled: "We hold that where it is undisputed that the motorist submitted to the chemical alcohol test, the fact that he failed to provide an adequate breath sample does not automatically constitute refusal within the meaning of § 14-227b. Such refusal must be supported by substantial evidence." Bialowas v. Commissioner ofMotor Vehicles, supra, 44 Conn. App. 714-15.
In the present case, the hearing officer found that the plaintiff refused to submit to "such test or analysis." In his decision, the hearing officer also made the following subordinate finding:
 With the intoxilyzer not properly functioning based upon the reading generated by the test tape ("simulator value not in range"), the arresting officer was rightfully permitted to request a different test, urine, which the respondent refused.
However, the subordinate finding that the intoxilyzer was not properly functioning is unsupported by the evidence before the hearing officer. The A-44 Form indicates that Officer Deptula selected both the breath and urine tests. The form further indicates that the "analytical device was certified, analytical device was operated by a certified operator, and analytical device was checked for accuracy in accordance with applicable state regulations." The A-44 Form indicates that the refusal to submit to such test or analysis when requested to do so was witnessed by and occurred in the presence of Officer McMahon.
DMV's contention before this court that "it is important to note that there is no evidence in the record that the police officers deemed the plaintiff as having refused a breath test" is CT Page 14022 contradicted by the foregoing. (Defendant's brief, p. 8.) The police contention that the plaintiff had refused the intoxilyzer test by improperly blowing into the machine is further evidenced by the police report attached to the A-44 Form which reads in pertinent part:
 [The plaintiff] agreed to take the breath test. The intoxilyzer was tested and checked out ok. After several ill attempted blows by MacDonald the intoxilyzer gave a failure reading and indicated "invalid test simulater value not in range." I then again attempted to use the machine. Once again initially it checked out as operative. I then reinstructed MacDonald how to take the test. MacDonald continued to improperly blow into the machine until it once again gave a "invalid test" reading.
The evidence before the hearing officer, then, apparently indicates that the arresting police officers contended, albeit in conclusory language, that the plaintiff had refused the intoxilyzer by improperly blowing into the machine. However, the A-44 Form and attached police report contain insufficient facts from which a finding of refusal of the intoxilyzer could be made.Bialowas v. Commissioner of Motor Vehicles, supra,44 Conn. App. 714-18.
Additionally, the hearing officer's subordinate finding that the arresting officer was rightfully permitted to request a urine test because the intoxilyzer was not properly functioning is not supported by the record. According to the A-44 Form and the police report, the arresting officers requested the second test, the urine test, because they believed the plaintiff had refused to properly cooperate in taking the intoxilyzer test. Moreover, there is substantial evidence in the A-44 and report that the intoxilyzer was properly functioning.
Based on the foregoing, this court concludes that the evidence in the record, as presented to this court, does not support the hearing officer's subordinate finding that the intoxilyzer was not properly functioning and that therefore the arresting officer was rightfully permitted to request a different test. Accordingly, the plaintiffs appeal is sustained and the case remanded to the DMV hearing officer for clarification and elucidation as to the factual basis for the subordinate finding. CT Page 14023
So ordered.
Michael Hartmere, J.