[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Mark Mosher, brings this appeal pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq., from a decision of the Commissioner of the Department of Motor Vehicles ("DMV") suspending his motor vehicle operators license for a period of six months. The DMV acted pursuant to General Statutes § 14-227b on the basis of the plaintiff's refusal to submit to a chemical test of the alcohol content of his blood subsequent to being arrested on a charge of driving while under the influence of alcohol. This court finds in favor of the defendant.
The incident underlying this case occurred on July 18, 1998, at approximately 8:17 p. m. on Route 156 westbound, Old Lyme, Connecticut. At that time, Troop F, Connecticut State Police, CT Page 3640 received a complaint of a possible drunk driver traveling west on Route 156 in Old Lyme, Connecticut. The complainant reported a Connecticut Registration of 308 VET which was listed to a 1993 black Toyota Camry. Within several minutes, Officer Amy F. Jones, Old Lyme, Connecticut Police Department, observed the black Camry traveling west on Route 156. Officer Jones followed the vehicle for approximately two miles along Route 156, during which the vehicle swerved beyond its travel lane. The vehicles left wheels rode on the yellow center lines five times during the two mile period. Although the Camry was not behind any other traffic which would cause speed variations, the speed of the Camry was inconsistent, ranging from 20 miles per hour to 50 miles per hour in a posted 40 miles per hour zone. There was no other traffic which would have caused the Camry's speed variations.
The Camry was then stopped by Officer Jones and the operator, the plaintiff, Mark O. Mosher, questioned. While Officer Jones was speaking with the plaintiff, she detected the odor of alcohol on his breath and his eyes were very red and glassy. When asked if he had been drinking, the plaintiff stated that he "had a drink at the casino." His speech was slurred. When asked to step out of his vehicle, the plaintiff stumbled slightly and steadied himself on the car. Field sobriety tests were then administered to the plaintiff, which included the Horizontal Gaze Nystagmus, Walk and Turn, and One Leg Stand. The plaintiff failed each test. Thereafter, the field tests were administered again upon the arrival of another officer, with similar results. The plaintiff was then placed under arrest for driving while intoxicated and informed of his rights, including, the implied consent advisory from the form A-44. The plaintiff declined to contact an attorney.
Thereafter, the plaintiff was asked to submit to a breath test to which he agreed, but when instructed to blow into the mouthpiece with one steady breath, he would not put the mouth piece in his mouth as directed. Instead, the plaintiff puffed up his cheeks, and only blew in many short breaths. After several minutes of instruction from Officer Jones and State Trooper Loane, the intoxilyzer malfunctioned and the results did not print. The malfunction was cleared by Officer Jones and the plaintiff agreed to take the test again. During the second attempt, the plaintiff again puffed up his cheeks, blew in only short breaths and refused to put the mouthpiece in his mouth as instructed. After several minutes more of instruction from Officer Jones and Trooper Loane, the intoxilyzer again failed to CT Page 3641 print. At that time, the plaintiff was asked either to submit to a urine test or go to the Old Saybrook Police Department to submit to another breath test on their machine. The plaintiff refused.
The issue presented in this administrative appeal is whether the DMV hearing officer erred in finding that the plaintiff refused to submit to a chemical analysis.
The suspension hearing provided under § 14-227b is limited to four issues.[1] These limitations have been approved in Buckley v. Muzio, 200 Conn. 1, 8 (1986) and Weber v. Muzio.204 Conn. 521, 523 (1987). The plaintiff bears the burden of proving that the DMV decision to suspend his motor vehicle operators license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see alsoLawrence v. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977).
Again, the only issue raised by the plaintiff in the present appeal is whether he refused to submit to the blood alcohol test or analysis. ""[R]efusing to take a breath test may be accomplished by a failure to cooperate as well as by an expressed refusal." State v. Corbeil, 41 Conn. App. 7, 19, cert. granted on other grounds and appeal dismissed, 237 Conn. 919 (1996). InBialowas v. Commissioner of Motor Vehicles, 44 Conn. App. 702
(1997), the Appellate Court ruled: "We hold that where it is undisputed that the motorist submitted to the chemical alcohol test, the fact that he failed to provide an adequate breath sample does not automatically constitute refusal within the meaning of § 14-227b. Such refusal must be supported by substantial evidence." Id., 714-15. "Substantiial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . . [I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld. . . ." (Citations omitted; internal quotation marks omitted.) Id., 709.
In the present case, the DMV hearing officer, Attorney Gail Kotowski, made the following subordinate findings of fact: CT Page 3642
 The police report supports an affirmative finding of all (4) issues of fact. The officer observed erratic operation for 2 miles prior to pulling the vehicle over. As the machine was not properly working, the respondent was requested to submit to a test at another station, which he refused, as he believed he had already performed a test. The record does not support the respondents testimony.
 (Supplemental Return of Record, Item 3, Decision and Subordinate Findings of Fact, p. 2.)
The hearing officers subordinate findings are fully supported by the record. According to the police reports, which were a part of State's Exhibit A at the hearing, and which were sworn to by the arresting police officer, the plaintiff refused to be tested for his blood alcohol content:
 Mosher was asked to submit to a breath test to which he agreed. When instructed to blow into the mouthpiece with one steady breath, Mosher would not put the mouthpiece in his mouth as directed, puffed up his cheeks and only blew in many short breaths. After several minutes of instruction from this writer and Tpr. Loane #478 the intoxilyzer malfunctioned and the results didn't print. The machine malfunction was cleared and Mosher again agreed to try the test again. At the second attempt, Mosher again puffed up his cheeks, blew only in short breaths and refused to put the mouthpiece in his mouth as instructed. After several more minutes of instruction from myself and Tpr. Loane the intoxilyzer again failed to print. At this time Mosher was asked to either submit to a urine test or go to the Old Saybrook Police Department to submit to another breath test on their machine, which he refused.
(Return of Record, Item 5, State's Exhibit A, Continuation of Investigation Report.)
The foregoing provides more than conclusionary statements by the arresting officer that the driver failed to provide an adequate breath sample and, therefore, refused the test. Rather, the foregoing documents the factual basis and observations of the arresting officer concerning the plaintiff's refusal. Ellam v.Commissioner of Motor Vehicles, 47 Conn. App. 509, 514-16 (1998).
In the present case, as contrasted with the factual CT Page 3643 background in MacDonald v. Jose Salinas, Commissioner of MotorVehicles, Superior Court, judicial district of Hartford, Docket No. 581486 (December 9, 1998, Hartmere, J.), there is substantial evidence to support the subordinate findings of fact of the DMV hearing officer. There was substantial evidence presented to support the finding that the intoxilyzer malfunctioned, including the testimony of the plaintiff. Since the intoxilyzer malfunctioned, it was reasonable for the arresting officer to select another chemical test. In fact, the arresting officer asked the plaintiff to submit to a urine test, or to travel to the Old Saybrook Police Department for another breath test. These requests were refused by the plaintiff. These refusals were fully supported by substantial evidence in the record.
Of course, there was contradictory testimony presented by the plaintiff. However, the mere possibility of drawing two different conclusions from the evidence does not prevent an agency's determination from being supported by substantial evidence.Newtown v. Keeney, 234 Conn. 312, 320 (1995), quoting Samperi v.Inland Wetlands Agency, 226 Conn. 579, 587-88 (1993). Here, the DMV hearing officer was under no obligation to accept the plaintiff's explanation of events.
Based on all of the foregoing, the decision of the DMV to suspend the plaintiff's Connecticut Operator's License for six months will not be disturbed. The plaintiff's administrative appeal from the DMV order is, therefore, dismissed.
Michael Hartmere, Judge